IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA J.M. STEELE,

      Petitioner,

  v.

WARDEN, MANSFIELD
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 2:13-cv-1267
Judge Graham
Magistrate Judge King

## OPINION AND ORDER

On May 19, 2015, the United States Magistrate Judge recommended that this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation*, ECF No. 18. Petitioner has objected to that recommendation. *Objection*, ECF No. 21. This Court has conducted a *de novo* review. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). For the reasons that follow, Petitioner's *Objection* is **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Magistrate Judge recommended that claims one, two and four be dismissed because Petitioner had not fairly presented those claims to the state courts on direct appeal and that, as a consequence, Petitioner has waived his right to this Court's consideration of those claims. In his objections, Petitioner argues that, in making that recommendation, the Magistrate Judge applied an overly restrictive interpretation of the exhaustion doctrine. Petitioner maintains that the issues he raised before this Court serve only to clarify or supplement claims presented to the state courts and that these claims are therefore properly addressed in these proceedings.

Petitioner was convicted on a number of charges of unlawful sexual conduct with a minor, rape and gross sexual imposition through the use of or threat of force. In his first claim

1

before this Court, Petitioner alleges that the amendment of the *Indictment* to change the time period during which the alleged offenses took place denied him a fair trial. *Traverse,* ECF 16, PageID# 1483. Although Petitioner presented this claim to the state courts primarily as one based on a claimed violation of state law, the Magistrate Judge concluded that Petitioner had also sufficiently raised in the state court proceedings a federal claim based on a claimed denial of fair notice of the charges, ability to present a defense, and protection against double jeopardy. *Report and Recommendation*, PageID# 1553. However, Petitioner also alleges for the first time before this Court that the *Indictment* improperly charged him with multiple undifferentiated counts of rape and that the amendment of the *Indictment* caused him prejudice in the form of interference with his theory of defense *(i.e.,* that he had not lived in the residence when the acts were originally alleged to have occurred), and because he was forced to testify on his own behalf.[1]

A "state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999*); see* 28 U.S.C. § 2254(b). "[I]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)(claim that the trial court improperly instructed the jury on an element of the charge does not encompass a claim that the jury instruction had unconstitutionally shifted the burden of proof)(citations omitted).

> Obviously there are instances in which "the ultimate question for disposition," *United States ex rel. Kemp v. Pate,* 359 F.2d 749, 751 (CA7 1966), will be the same despite variations in the legal theory

---

[1] Petitioner represents that he was prepared to argue at trial that he did not live in the home at the time of the alleged charges, *Traverse,* ECF 16, PageID# 1496, and that amendment of the *Indictment* therefore required him to testify in his own defense, since the expanded date range included a period during which he had admitted to living in the victim's home. *Id.* at PageID# 1500.

2

> or factual allegations urged in its support. A ready example is a challenge to a confession predicated upon psychological as well as physical coercion. *See Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963).

*Picard v. Connor*, 404 U.S. 270, 277 (1971)(claim of improper indictment under state law does not encompass a claim that the method of obtaining the indictment violated equal protection of the law). Even where a petitioner presents all the facts relating to a claim, he must also present the federal claim arising from those facts. *Id*. Moreover, even the same federal claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review. *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). *See also Pillette v. Foltz,* 824 F.2d 494, 497–98 (6th Cir. 1987) (finding that the "doctrine of exhaustion requires that the same claim under the same theory be presented to state courts before raising it in a habeas petition"; submission of different grounds for ineffective assistance claim in state than in federal court did not constitute exhaustion). The Court is not persuaded that Petitioner has met this standard.

Petitioner's claim, presented to this Court, that the *Indictment* improperly charged him with multiple undifferentiated acts is unrelated to his claim, presented to the state courts, that the trial court improperly permitted amendment of the dates during which the alleged offenses took place. Petitioner could have, but did not, raise an independent claim challenging the validity of the *Indictment* based on multiple undifferentiated acts even without a challenge to any claimed amendment of the *Indictment*. Further, nothing in Petitioner's state appellate court brief would have alerted the state appellate court of this claim. Under these circumstances, this Court cannot conclude that Petitioner fairly presented this claim to the state courts.

Similarly, Petitioner never articulated to the state appellate court the manner in which he now alleges that amendment of the *Indictment* caused him prejudice. Again, nothing in his state appellate court brief even remotely suggests the allegations of prejudice now raised before this

Court.  The appellate court noted as much in its denial of Petitioner's claim, stating, "Steele has not demonstrated that the inclusion of March and April 2009 in the case was material to any defense theory he put forth at trial; rather he makes only a generalized assertion." *State v. Steele*, No. 2011-CA-110, 2012 WL 3574716, at *6 (Ohio App. 5th Dist. Aug. 17, 2012).  The state appellate court could not address arguments that were not before it.  This Court is therefore not persuaded that it should do so now.

Petitioner also alleges that the evidence was constitutionally insufficient to sustain his convictions on the charges of rape and gross sexual imposition as charged in Counts 5, 9, and 11 of the *Indictment.*   On direct appeal, Petitioner argued before the state appellate court only that inconsistent and contradictory testimony of prosecution witnesses provided an insufficient basis for these convictions.  In this Court, however, Petitioner now argues that the State failed to proffer sufficient evidence on the element of "use or the threat of force." In this regard, Petitioner also argues that this Court should not consider Ohio Supreme Court cases clarifying the definition of this term as it applies to crimes against minors, but instead should consider only the trial court's actual jury instructions.  Again, this Court is not persuaded that it may consider these new legal theories or arguments in support of Petitioner's claim of insufficiency of the evidence.[2]

Petitioner relies on *Richey v. Bradshaw*, 498 F.3d 344 (6th Cir. 2007), in support of his objections. In *Richey,* however, the federal habeas petition "pleaded the same theory of ineffective assistance of counsel as [Petitioner] had in his state post-conviction petition, often using the identical language." *Id*. at 352.  Although Richey presented new facts to support his claim after being granted the right to take discovery in the district court, "[h]e presumably would have adduced the same facts in the state court, had that court not denied his request for an

---

[2] In any event, the state appellate court determined that the record adequately established the "use or threat of force" as that element is defined under Ohio law, and this Court is bound by a state court's interpretation of its own laws. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

evidentiary hearing." *Id*. at 353. Moreover, "the district court expressly found that 'Richey did attempt to develop the factual basis for his claims in state court." *Id*. "Where the legal basis for Richey's claim has remained constant, and where the facts developed in the district court merely substantiate it, we cannot say that the claim has been so 'fundamentally alter[ed]' from that presented to the state court as to preclude our review." *Id.* This Court is not persuaded that these are the circumstances here. Simply put, this case does not involve Petitioner's inability to present new facts or legal arguments that he was prevented from raising in the state appellate court.

The Magistrate Judge also recommended that Petitioner's claim 3, which alleges a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), be dismissed because Petitioner had not established that "the State appellate court was unreasonable in its conclusion that the State committed no violation of *Brady*." *Report and Recommendation*, PAGEID# 1568. Petitioner also objects to that recommendation. Petitioner's third claim is based on the prosecution's disclosure, at the close of the first day of trial, of test results of DNA recovered from a couch cover, a sleeping bag, a washcloth, and sheets located in Petitioner's living quarters. Petitioner complains that he was denied the opportunity to compare the DNA used in the tests with that of the victim's father. However, the state appellate court found that the prosecutor had sought a continuance of the trial in order to provide Petitioner with the results of the DNA evidence, but that Petitioner had objected to that request. In his objections, Petitioner raises the same arguments that were presented to and rejected by the Magistrate Judge. For the reasons discussed by the Magistrate Judge, this Court is not persuaded by these arguments.

For all these reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection*, ECF No. 21, is **OVERRULED**. The *Report and*

5

*Recommendation*, ECF No. 18, is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

 The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action**.**

Date: July 31, 2015

                _____s/James L. Graham___
                JAMES L. GRAHAM
                United States District Judge